UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BARRIENTEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV179 HEA |
| | ) |
| JEFFERSON COUNTY SHERIFF'S | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jefferson County Sheriff's Department's Reinstated Motion to Dismiss, [Doc. No. 25] and Defendants Missouri State Highway Patrol, Repolgle and Johnson's Motion to Dismiss, [Doc. No. 26]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are granted.

## Facts and Background[1]

Plaintiff's Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and alleges the following facts:

On December 25, 2010, Plaintiff was at his residence with his minor children

---

[1] The recitation of facts is taken from Plaintiff's Amended Complaint and is set forth for the purposes of these Motions, only. The recitation in no way relieves the parties of the necessary proof thereof in later proceedings.

awaiting the arrival of their mother, Amanda Hloben, for purposes of a routine custody exchange. Hloben arrived at Plaintiff's residence to pick up the minor children. Hloben brought with her Phillip Rogers, notwithstanding a prior agreement not to bring Rogers to Plaintiff's residence.

Without incident, Hloben retrieved the minor children. When Plaintiff observed Rogers, an argument ensued which resulted in a call to the police. Hloben placed the call from her parents' residence which is located in Jefferson County, Missouri.

Defendant Waters was dispatched to the parents' residence where she met and interviewed Hloben. Hloben informed Defendant Waters that she was the victim of a domestic assault and that Plaintiff had a rifle which he used to threaten Rogers and her.

Defendants Waters and Harster arrived at Plaintiff's residence. In addition, Defendants Griggs and Lehman elected to respond to Plaintiff's residence since they were conducting routine patrol in the general area at that time.

Defendants Waters, Harster, Griggs and Lehman made contact with Plaintiff at his residence where he was immediately placed in hand-cuffs for an alleged weapons violation. Plaintiff was admittedly cooperative with Defendants. Defendant Waters then informed Plaintiff that he also under arrest for Domestic

Assault 3rd Degree, and Unlawful Use of a Weapon.  At that time, Plaintiff was not in possession of a weapon, acquiesced to the application of force to be secured in hand-cuffs and informed Defendants Waters and Harster that he did have a rifle and directed them to his bedroom closet.

Post- arrest and prior to confirming the existence of a weapon, and absent confirmation of an actual assault, Defendant Lehman retrieved an unloaded .22 caliber rifle and seized same.  No ammunition was located at Plaintiff's residence and there was no attempt to confirm whether the rifle was functional.  Plaintiff's Amended Complaint further alleges that the rifle was inoperable.

During the search, which was conducted by Griggs and Lehman, Defendant Harster placed Plaintiff on the kitchen floor of the residence in prone position, and handcuffed Plaintiff's hands behind his back.  Defendants Griggs and Lehman were allegedly aware that Defendant Harster was with Plaintiff in the kitchen and observed him in that location as the apartment is small. Defendants Griggs and Lehman were further aware that Plaintiff was forced to remain in prone position on the kitchen floor although he presented no physical threat to Defendants as he was restrained and otherwise cooperative. Defendant Waters proceeded out of the residence with one of Plaintiff's two children to meet with Ms. Hloben who was waiting in the parking lot.

The Amended Complaint further alleges that at the time, Plaintiff was recovering from significant cancer treatment, to include multiple skin grafts, bone removal and prosthetic replacement of portions of his skull and facial structure. Plaintiff alleges that lying on his stomach on the floor of the kitchen caused significant pain and discomfort due to the pressure of his own body-weight on his head and other areas subject to prior surgery and cancer treatment. Plaintiff requested the opportunity to sit-up because of the immense pressure and pain being exerted on his face and skull. Despite repeated requests, Defendant Harster referenced Plaintiff's Latino heritage, and denied the requests. Due to the pain, Plaintiff attempted to shift his body, specifically and only his head, to the other side in order to alleviate the pain caused by the pressure of being on the floor without adequate bone support to address the pressure his body weight placed on the cancer-stricken areas. At that time, Defendant Harster, while in the presence of Defendants Griggs and Lehman, lifted Plaintiff off of the ground by his arms and hand-cuffs and then slammed his face into the kitchen floor causing injury to Plaintiff and the expiration of a notable amount of blood from his face and head area. Plaintiff screamed out and attempted to move his body at which time Defendant Harster slammed his face to the ground for a second time, and then escalated the beating by ramming Plaintiff's head through a kitchen wall causing

additional injury, to include laceration(s), bruising, contusion(s) and exacerbation of existing cancer-related ailments, all requiring hospitalization and all evidenced by medical records. Defendants Griggs, Lehman and Waters disregarded the actions of Defendant Harster and failed to intervene at any time.

Plaintiff was transported in police custody by Defendant Waters to Jefferson Regional Hospital for treatment for those injuries. Plaintiff was later transported by Defendant Waters to the Jefferson County Jail where he was jailed for several hours, searched thoroughly, interrogated by Defendants Waters and Harster, and forced to issue a written statement. While in custody, Defendant Waters communicated discriminatory bases for Defendant Harster's actions, including additional references to Latino heritage and immigration status, and informed Plaintiff that he would need to make a statement.

Plaintiff alleges that the written statement he made was demanded by Defendants Waters and Harster. In the written statement Plaintiff admitted pointing the rifle at Rogers so as to intimidate. Defendants Waters and Harster informed Plaintiff that he would not be allowed to leave until he submitted the written statement.

Defendants Waters and Harster then allegedly prepared materially false and inconsistent Incident reports including false representations that Plaintiff (1) used a

weapon in the commission of an assault; (2) failed to comply with officers' directives; (3) struck his own face on the kitchen floor; and (4) issued a voluntary statement.

No charges for use of a weapon, assaulting a law enforcement officer, or failing to comply were ever filed.

The Amended Complaint further alleges that Defendants Griggs and Lehman were present during the beating and false arrest of Plaintiff and yet failed to intervene in a manner that would have protected Plaintiff from unnecessary civil rights violations by Defendants Harster and Waters. Defendant Boyer was made aware of the false arrest of Plaintiff yet failed to take appropriate disciplinary action in a timely manner against Defendants Harster, Waters and/or Lehman. Plaintiff claims that Defendant Boyer's inaction "was congruent with a pattern of complacency with respect to proper arrest protocol in the Jefferson County Sheriff's Department; a failure that is consistent with the insulating barrier created by Defendant Boyer as his department turns a 'blind eye' towards [sic] such matters of civil rights. These failures proximately caused damages to Plaintiff." Defendants Repogle and Johnson were made aware of the false arrest of Plaintiff yet failed to take appropriate disciplinary action in a timely manner against Defendants Griggs or contact Defendant Boyer for purposes of alerting the sheriff

as to the actions of Defendants Waters, Harster and/or Lehman. Plaintiff alleges that "this disregard of an obvious civil rights violation was aligned with a general law enforcement understanding that the Jefferson County Sheriff's Department operates outside of acceptable law enforcement norms. These failures proximately caused damages to Plaintiff."

## Discussion

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to

relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a

motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949,(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, "although a complaint need not include detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 629-30 (8th Cir.2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

The Jefferson County Sheriff's Department urges dismissal arguing that it is not an entity amenable to suit. under Section 1983. Plaintiff recognizes that the Sheriff's Department is correct under current law, but argues that including the Sheriff's Department is an "essentially technical error." The Court disagrees with Plaintiff's analysis that including the Sheriff's Department is merely a technical

error. As Plaintiff himself points out, the Eighth Circuit has clearly recognized that sheriff departments are not suable entities. *Ketchum v. City of Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *Wade v. Tompkins*, 73 Fed.App. 890, 893 (8th Cir. 2003). Plaintiff requests that the Court allow him to once again amend to add the Jefferson County Government. The Court will allow an additional Amendment to comply with the pleading requirements of an action against the County Government.

With respect to Defendant Missouri State Highway Patrol, the Court agrees that this entity is entitled to Eleventh Amendment immunity.

Under the U.S. Constitution, states are immune from suits commenced or prosecuted against them by their citizens. *Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240 (1999). Defendants argue that they are immune from suit pursuant to the Eleventh Amendment. The Eleventh Amendment provides:

> The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The Supreme Court has interpreted this Amendment to prohibit suits against a state by a state's own residents in federal court. *Hans v. Louisiana*, 134 U.S. 1, 15-16 (1890).

In certain circumstances, where Congress has "unequivocally expresse[d] its

intent to abrogate the immunity" in the relevant statute, the Eleventh Amendment will not operate as a bar to suit against a state. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 55 (1996) (quoting *Green v. Mansour*, 474 U.S. 64, 68 (1985)). However, Plaintiff fails to point to any authority demonstrating any Congressional intent to abrogate immunity in any statute relevant to this case. The Court agrees with Defendant that it is protected by Eleventh Amendment immunity. The Missouri Highway Patrol is an instrumentality of the state, and is thus entitled to Eleventh Amendment immunity. *See Texas Community Bank, N.A. v. Missouri Dep't of Social Services, Division of Medical Services,* 232 F.3d 942, 943 (8th Cir.2000) citing *Edelman v. Jordan*, 415 U.S. 651 (1974). Therefore, the Court finds that Plaintiff's action against the Missouri State Highway Patrol is barred.

With respect to Defendant Griggs, Defendant has been included in the Motion to Dismiss the Amended Complaint, however, Griggs does not argue any basis for his dismissal, and in fact, has filed an Answer to the Amended Complaint. Accordingly, the Court believes that Defendant Griggs does not intend to seek dismissal at this stage of the litigation. His motion to dismiss will therefore be denied.

As to Defendants Replogle and Johnson, Plaintiff's Amended Complaint is brought against them in their individual capacity. Defendants Replogle and

Johnson are named solely for their alleged failure to supervise and discipline a subordinate, Defendant Griggs. Plaintiff fails to set out any facts which could establish their failure to supervise Defendant Griggs, and merely alleges that Griggs was not properly disciplined after the alleged deprivation of Plaintiff's rights. Supervisors cannot be held vicariously liable under 42 U.S.C. § 1983. Rather, Plaintiff must plead that the official, through his own actions violated the Constitutional rights of Plaintiff.

> "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only " 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.' " *Otey v. Marshall,* 121 F.3d 1150, 1155 (8th Cir.1997) (quoting *Tilson v. Forrest City Police Dep't,* 28 F.3d 802, 806 (8th Cir.1994)); *see also Wever v. Lincoln County,* 388 F.3d 601, 606–07 (8th Cir.2004).(footnote omitted).

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir 2010). The Motion to Dismiss Replogle and Johnson is therefore well taken.

Although Plaintiff attempts to allege policies and customs, vague references to such policies and customs are insufficient to state a claim.

> In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir.2007). If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation. *See City of Canton v. Harris,* 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404-07, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton,* 489 U.S. at 388-89, 109 S.Ct. 1197

*Vetch v. Bartels Lutheran*, 627 F.3d 1254, 1258 (8th Cir. 2010).

## Conclusion

Plaintiff's Amended Complaint fails to satisfy the requirements of Rule 12(b)(6), as discussed herein. The motions therefore are well taken and will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jefferson County Sheriff's Department's Reinstated Motion to Dismiss, [Doc. No. 25], is granted

Defendants Missouri State Highway Patrol, Repolgle and Johnson's Motion to

Dismiss, [Doc. No. 26], is granted.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint in accordance with the discussion herein. Failure to file an Amended Complaint will result in dismissal of this action with prejudice.

Dated this 6th day of February, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE