UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BARRIENTEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV179 HEA |
| ) | |
| JEFFERSON COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Motions to Dismiss filed by Defendants Waters and Harster, [Doc. No. 68], Jefferson County and Boyer, [Doc. No. 70] and Jefferson County, Wegge, Robertson, and Hollingsworth, [Doc. No. 72]. Plaintiff opposes the Motions. For the reasons set forth below, the Motions are granted in part and denied in part.

### **Facts and Background[1]**

Plaintiff's Third Amended Complaint is brought pursuant to 42 U.S.C. § 1983 and various state claims. The instant Complaint alleges the following facts: On December 25, 2010, Plaintiff was at his residence with his minor children awaiting the arrival of their mother, Amanda Hloben, for purposes of a routine

---

[1] The recitation of facts is taken from Plaintiff's Amended Complaint and is set forth for the purposes of these Motions, only. The recitation in no way relieves the parties of the necessary proof thereof in later proceedings.

custody exchange. Hloben arrived at Plaintiff's residence to pick up the minor children. Hloben brought Phillip Rogers with her, notwithstanding a prior agreement not to bring Rogers to Plaintiff's residence.

Without incident, Hloben retrieved the minor children. When Plaintiff observed Rogers, an argument ensued which resulted in a call to the police. Hloben placed the call from her parents' residence which is located in Jefferson County, Missouri.

Defendants Waters and Harster arrived at the residence; Defendants Griggs and Lehman responded to Plaintiff's residence as they were conducting routine patrol in the general area at the time.

Defendants Waters, Harster, Griggs and Lehman made contact with Plaintiff at his residence where he was immediately placed in handcuffs for an alleged weapons violation. Plaintiff was admittedly cooperative with Defendants. Defendant Waters then informed Plaintiff that he also under arrest for Domestic Assault 3rd Degree, and Unlawful Use of a Weapon. At that time, Plaintiff was not in possession of a weapon, acquiesced to the application of force to secure in hand-cuffs and informed Defendants Waters and Harster that he did have a rifle and directed them to his bedroom closet.

Post- arrest and prior to confirming the existence of a weapon, and absent

confirmation of an actual assault, Defendant Lehman retrieved an unloaded .22 caliber rifle and seized same. No ammunition was located at Plaintiff's residence and there was no attempt to confirm whether the rifle was functional. Plaintiff's Third Amended Complaint further alleges that the rifle was inoperable.

During the search, which was conducted by Griggs and Lehman, Defendant Harster placed Plaintiff on the kitchen floor of the residence in prone position, and handcuffed Plaintiff's hands behind his back. Defendants Griggs and Lehman were allegedly aware that Defendant Harster was with Plaintiff in the kitchen and observed him in that location as the apartment residence is small. Defendants Griggs and Lehman were further aware that Plaintiff was forced to remain in prone position on the kitchen floor although he presented no physical threat to Defendants as he was restrained and otherwise cooperative. Defendant Waters proceeded out of the residence with one of Plaintiff's two children to meet with Ms. Hloben who was waiting in the parking lot.

The Third Amended Complaint further alleges that at the time, Plaintiff was recovering from significant cancer treatment, to include multiple skin grafts, bone removal and prosthetic replacement of portions of his skull and facial structure. Plaintiff alleges that lying on his stomach on the floor of the kitchen caused significant pain and discomfort due to the pressure of his own body-weight on his

head and other areas subject to prior surgery and cancer treatment. Plaintiff requested the opportunity to sit-up because of the immense pressure and pain being exerted on his face and skull. Despite repeated requests, Defendant Harster referenced Plaintiff's Latino heritage, and denied the requests. Due to the pain, Plaintiff attempted to shift his body, specifically and only his head, to the other side in order to alleviate the pain caused by the pressure of being on the floor without adequate bone support to address the pressure his body weight placed on the cancer-stricken areas. At that time, Defendant Harster, while in the presence of Defendants Griggs and Lehman, lifted Plaintiff off of the ground by his arms and hand-cuffs and then slammed his face into the kitchen floor causing injury to Plaintiff and the expiration of a notable amount of blood from his face and head area. Plaintiff screamed out and attempted to move his body at which time Defendant Harster slammed his face to the ground for a second time, and then escalated the beating by ramming Plaintiff's head through a kitchen wall causing additional injury, to include laceration(s), bruising, contusion(s) and exacerbation of existing cancer-related ailments, all requiring hospitalization and all evidenced by medical records. Defendants Griggs, Lehman and Waters disregarded the actions of Defendant Harster and failed to intervene at any time.

Plaintiff was transported in police custody by Defendant Waters to Jefferson

Regional Hospital for treatment for those injuries. Plaintiff was later transported by Defendant Waters to the Jefferson County Jail where he was jailed for several hours, searched thoroughly, interrogated by Defendants Waters and Harster, and forced to issue a written statement. While in custody, Defendant Waters communicated discriminatory bases for Defendant Harster's actions, including additional references to Latino heritage and immigration status, and informed Plaintiff that he would need to make a statement.

Plaintiff alleges that the written statement he made was demanded by Defendants Waters and Harster. In the written statement Plaintiff admitted pointing the rifle at Rogers so as to intimidate Plaintiff. Defendants Waters and Harster informed Plaintiff that he would not be allowed to leave until he submitted the written statement.

Defendants Waters and Harster then allegedly prepared materially false and inconsistent Incident reports including false representations that Plaintiff (1) used a weapon in the commission of an assault; (2) failed to comply with officers' directives; (3) struck his own face on the kitchen floor; and (4) issued a voluntary statement.

No charges for use of a weapon, assaulting a law enforcement officer, or failing to comply were ever filed.

The Third Amended Complaint further alleges that Defendants Griggs and Lehman were present during the beating and false arrest of Plaintiff and yet failed to take appropriate disciplinary action in a timely manner against Harster, Waters and/or Lehman. Plaintiff claims that Defendant Boyer's inaction "was congruent with a pattern of complacency with respect to proper arrest protocol in the Jefferson County Sheriff's Department; a failure that is consistent with the insulating barrier created by Defendant Boyer as his department turns a 'blind eye' towards such matters of civil rights. These failures proximately caused damages to Plaintiff."

On January 12, 2011, the, Jefferson County Prosecuting Attorney's Office filed charge(s) against Michael Barrientez, consisting of the singular count of Assault 3rd- Class C Misdemeanor §565.070 RSMo. which was assigned cause number 11JE-CR00142, *State of Missouri v. Michael Barrientez.* Defendant Hollingsworth was initially assigned to prosecute this case for the State of Missouri as directed by Defendant Wegge. No other charges were filed by the Jefferson County Prosecuting Attorney's Office at this time, to include assault on a law enforcement officer, resisting arrest or failure to comply. Following resultant litigation and a request for trial, APA Hollingsworth dismissed the Assault 3rd charges by way of Nolle Prosequi on January 30, 2012.

On February 1, 2012, Plaintiff filed the present §1983 action alleging multiple counts of civil rights violations in the Eastern District of Missouri. The applicable parties were served on February 3, 2012. At the time of the filing, there were no additional charges filed by the Jefferson County Prosecuting Attorney's Office. Moreover, there was no further investigation of the matter which would have prevented the Jefferson County Prosecuting Attorney's Office using its office as a means to intimidate Plaintiff from pursuing his civil claims, to include the present felony, in January, 2012- the date of the original misdemeanor filing.

In apparent reaction to the trial request and Plaintiff initiation of the present civil action, on April 23, 2012, and post- filing of the aforementioned §1983complaint, the Jefferson County Prosecuting Attorney's Office, by and through Defendant Robertson, and as directed by Defendant Wegge, filed a new criminal complaint now citing the singular felony charge of Unlawful Use of a Weapon pursuant to § 571.030 §RSMo- Class D Felony. The matter was assigned Case no. 12JE-CR01368. The Jefferson County Prosecuting Attorney's Office filed its latest version of the aforementioned UUW charge on January 17, 2013- still a singular charge of UUW. No additional charges were ever filed by the Jefferson County Prosecuting Attorney's Office.

Count I is brought against Defendants Waters and Harster for alleged

violations of Section 1983 for unlawful arrest; Count II is brought against Defendants Waters and Harster for false imprisonment; Count III is brought against Defendants Waters and Harster for an alleged illegal search and seizure; Count IV is for false imprisonment against Defendants Waters and Harster; Count V is brought against Defendants Lehman and Griggs for failure to intervene; Count VI is a claim for the failure to supervise and discipline-Supervisor Liability against Defendant Boyer-Jefferson County Sheriff's Department; Count VII is an action for failure to instruct, supervise, control, and discipline directed against Defendant Jefferson County; Count VIII is a state law claim for battery/excessive force against Defendants Waters and Harster; Count IX is a state law claim against Defendants Waters and Harster for battery/excessive force; Count X is a claim for malicious prosecution and false arrest brought against Defendants Wegge, Robertson and Hollingsworth; Count XI is a claim for violation of Section 1983 against Defendant Wegge for failure to supervise and discipline; Count XII is a claim for failure to instruct, supervise, control, and discipline directed against Jefferson County.

Defendants Waters, Harster, Boyer, Wegge, Hollingsworth, Robertson and Jefferson County have filed motions to dismiss for failure to state a claim.

## Discussion

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555).

Rule 12(b)(6) permits a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted[.]" Although a complaint need not contain detailed factual allegations to survive a motion to dismiss under Rule 12(b)(6), it must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.' " *Twombly,* 550 U.S. at 556 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). On a motion to dismiss under Rule 12(b)(6), courts must accept the plaintiffs factual allegations as true and construe all inferences in the plaintiff's favor, but need not accept a

plaintiff's legal conclusions. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768–69 (8th Cir.2012). As the moving parties under Rule 12(b)(6), Defendants bear the burden of proving that no claim exists. *See* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

In his Third Amended Complaint, Plaintiff makes vague references to 42 U.S.C. § 1983. Plaintiff's allegations, however, make no reference to *Monell Monell v. N.Y. Dep't of Social Servs.,* 436 U.S. 658, 690–92 (1978)) and fail to allege any of the required elements to support such a claim. Under a *Monell* claim, Section 1983 liability may attach to a municipality "if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201, 1214 (8th Cir.2013) (citations omitted) (quoting *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018).

Supervisors cannot be held vicariously liable under 42 U.S.C. § 1983. Rather, Plaintiff must plead that the official, through his own actions violated the Constitutional rights of Plaintiff.

"Because vicarious liability is inapplicable to ... § 1983 suits, a

plaintiff's legal conclusions. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768–69 (8th Cir.2012). As the moving parties under Rule 12(b)(6), Defendants bear the burden of proving that no claim exists. *See* 5B Charles Alan Wright et al., *Federal Practice and Procedure* § 1357 (3d ed. 2004) ("All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists.").

In his Third Amended Complaint, Plaintiff makes vague references to 42 U.S.C. § 1983. Plaintiff's allegations, however, make no reference to *Monell Monell v. N.Y. Dep't of Social Servs.,* 436 U.S. 658, 690–92 (1978)) and fail to allege any of the required elements to support such a claim. Under a *Monell* claim, Section 1983 liability may attach to a municipality "if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201, 1214 (8th Cir.2013) (citations omitted) (quoting *Monell,* 436 U.S. at 690–91, 98 S.Ct. 2018).

Supervisors cannot be held vicariously liable under 42 U.S.C. § 1983. Rather, Plaintiff must plead that the official, through his own actions violated the Constitutional rights of Plaintiff.

"Because vicarious liability is inapplicable to ... § 1983 suits, a

> plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* ––– U.S. ––––, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Thus, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only " 'if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.' " *Otey v. Marshall,* 121 F.3d 1150, 1155 (8th Cir.1997) (quoting *Tilson v. Forrest City Police Dep't,* 28 F.3d 802, 806 (8th Cir.1994)); *see also Wever v. Lincoln County,* 388 F.3d 601, 606–07 (8th Cir.2004). (footnote omitted).

*Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir 2010).

Although Plaintiff attempts to allege policies and customs, vague references to such policies and customs are insufficient to state a claim.

> In *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court held that a municipality can be liable under § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691, 98 S.Ct. 2018. To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated her federal right. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir.2007). If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation. *See City of Canton v. Harris,* 489 U.S. 378, 388-92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Such a showing requires either the existence of a municipal policy that violates federal law on its face or evidence that the municipality has acted with "deliberate indifference" to an individual's federal rights. *See Bd. of the Cnty. Comm'rs v. Brown,* 520 U.S. 397, 404-07, 117

S.Ct. 1382, 137 L.Ed.2d 626 (1997); *City of Canton,* 489 U.S. at 388-89, 109 S.Ct. 1197.

*Vetch v. Bartels Lutheran*, 627 F.3d 1254, 1258 (8th Cir. 2010).

As county prosecutors, Defendants Wegge, Robertson and Hollingsworth are entitled to absolute immunity from liability for the exercise of their prosecutorial functions. *Imbler v. Pachtman*, 424 U.S. 427-28 (1976); *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003).

With respect to Counts I, II, IV, X, XI and XII are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, in order to recover damages for alleged constitutional violations, a plaintiff must establish that the conviction or sentence has been reversed, expunged by executive order, declared invalid by the state, or called into question by a federal court's writ of habeas corpus. *Id.,* at 486-87. Plaintiff's claims are collateral attacks on his conviction. Plaintiff has not alleged that his conviction has been reversed, expunged, invalidated, or called into question. As such, these counts fail to state causes of action.

Defendants argue that there was sufficient probable cause for Plaintiff's arrest, search and detention. However, in light of the motion to dismiss standard, the Court cannot at this stage dismiss these counts on the basis of the existence of probable cause for Plaintiff's arrest, search and detention. Likewise, Plaintiff's

excessive force claim cannot be dismissed based on this determination. Since Counts I, II and III remain, Count VIII likewise remains at this point in the litigation. Furthermore, Defendants' claims of qualified immunity are premature in this motion to dismiss as they relate to the finding of probable cause.

Plaintiff's claim against Defendant Waters in Count IX must, however, be dismissed for failure to state a claim in that Plaintiff has failed to allege that Defendant Waters took any action rising to the level of battery or excessive force in relation to Plaintiff.

## **Conclusion**

Portions of Plaintiff's Third Amended Complaint fail to satisfy the requirements of Rule 12(b)(6). Those portions of the Third Amended Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions to Dismiss filed by Defendants Waters and Harster, [Doc. No. 68], Jefferson County and Boyer, [Doc. No. 70] and Jefferson County, Wegge, Robertson, and Hollingsworth, [Doc. No. 72], are granted in part and denied in part as provided herein

Dated this 2nd day of July, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE